E-FILED
Thursday, 23 June, 2011  11:58:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHANIE BALENSIEFEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 CV01263 |
| | ) | |
| vs. | ) | The Honorable James E. Shadid |
| | ) | Magistrate Judge G. Cudmore |
| PRINCETON NATIONAL BANCORP, | ) | |
| INC. d/b/a CITIZENS NATIONAL BANK | ) | |
| OF PRINCETON, a National Banking | ) | |
| Association, | ) | |
| | ) | |
| Defendant, | ) | |

ORDER

On March 30, 2011, a Report and Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case recommending that Defendant's Motion to Dismiss be denied. Defendant Princeton National Bancorp, Inc. d/b/a Citizens National Bank of Princeton ("Citizens") filed a timely objection to the Report and Recommendation and this Order follows.

BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out of alleged sex discrimination and retaliation by Citizens against Stephanie Balensiefen under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. 42 U.S.C. § 2000e-2(a)(1); 775 ILCS 5/1-102(A)(2008). It also arises out of alleged retaliation against Balensiefen under Section 20 of the Illinois Whistleblower Act ("IWA"). 740 ILCS 174/20 (2008). As indicated by the Report and the Plaintiff's Response to Citizens Motion to Dismiss, the Plaintiff's state law claim may additionally—or more accurately—fall under Section 15 of the IWA.

1

Balensiefen, as a citizen of Florida, originally brought this action before the Court based on diversity jurisdiction. In her Second Amended Complaint, Plaintiff added Title VII claims to her allegations—thereby brining her complaint within the scope of federal question jurisdiction. Supplemental jurisdiction over Plaintiff's IWA claims exists pursuant to 28 U.S.C. § 1367. Plaintiff twice amended her complaint and Defendant brought a Motion to Dismiss against Plaintiff's Second Amended Complaint. The Magistrate Judge recommended that the Motion to Dismiss be denied regarding all of the Plaintiff's claims. Citizens filed timely objections to the Report and Recommendation. Balensiefen filed a response to Citizens objections, and this Order follows.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

Citizens objects to the Report and Recommendation ("Report") with regard to three matters. First, Citizens takes issue with the Report's recommendation that Plaintiff's Second Amended Complaint can be supplemented with allegations in Plaintiff's Answer to state a claim under Section 15 of the IWA. Second, Citizens objects to the Report's finding that Plaintiff's internal reports of Citizens' violations of the Truth in Lending Act state a claim pursuant to Section 20 of the IWA. Third, Citizens opposes the Report's finding that Plaintiff's Second Amended Complaint complies with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Each objection will be addressed in turn.

I. **FACTS EXTERNAL TO PLAINTIFF'S SECOND AMENDED COMPLAINT UTILIZED TO OPPOSE A MOTION TO DISMISS**

Citizens maintains that Balensiefen's Second Amended Complaint insufficiently states a plausible claim under Section 15 of the IWA. Citizens further contends that, given this alleged failure *in limine* to state a plausible claim, facts outside the Plaintiff's Second Amended Complaint cannot be used to flesh out her claims such that they withstand Citizens' Motion to Dismiss.

This objection arises out of the Plaintiff's decision to frame her IWA claims under Section 20 of the IWA. Section 20 prohibits employers from retaliating against employees who refuse "to participate in activity that would result in a violation of a State or federal law, rule, or regulation." 740 ILCS 174/20 (2008). In her Complaint, Amended Complaint, and Second Amended Complaint, the Plaintiff suggests that she refused to participate in violations of the Truth in Lending Act by internally reporting nonconforming activity.

As the Magistrate Judge noted, it is difficult to understand how an internal report could be construed as a refusal to participate in an illegal activity. It seems likely that the Plaintiff's IWA allegations would fall more naturally under Section 15(b) of the statute which prohibits retaliation where "an employee disclos[es] information to a government or law enforcement agency [and] the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15 (2008). To be actionable, retaliation under Section 15 requires that the complaining party reported a violation to a government or law enforcement agency; merely reporting activity to an internal authority has been held insufficient. See, e.g., Zelman v. Hinsdale Twp. High Sch. Dist. 86, 10 C 00154, 2010 WL 4684039, at *2 (N.D. Ill. Nov. 12, 2010)("Under the IWA, there is no cause of action where an employee reveals information only to his or her employer."). Therefore, without any

indication in her Second Amended Complaint that Balensiefen made an external report of any alleged violations, it initially appears that she failed to state an actionable claim of retaliation.

However, in her Response Plaintiff asserts that she reported violations of the Truth in Lending Act to the Federal Deposit Insurance Corporation. Because Balensiefen's first mention of an external report arises within her Response, Citizens maintains this portion of Balensiefen's allegations should not be considered by the court when reviewing the sufficiency of Plaintiff's Complaint. It argues that, if the Plaintiff's allegations are not plausible independent of facts outside her complaint, her complaint is insufficient and fairly subject to dismissal. To support this argument, Citizens relies on Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1147 (7th Cir. 2010). Reynolds held that:

> [A]lthough the plaintiff is required to plead more than bare legal conclusions to survive a motion to dismiss, once the plaintiff pleads sufficient factual material to state a plausible claim—that is, sufficient to put the defendant on notice of a plausible claim against it—nothing in Iqbal or Twombly precludes the plaintiff from later suggesting to the court a set of facts, consistent with the well-pleaded complaint, that shows that the complaint should not be dismissed.

Reynolds, 623 F.3d at 1147 (internal citations omitted).

Citizens seems to construe the plausibility standard emerging in Reynolds as one demanding an exact alignment of legal theories and facts. Citizens also seems to construe the standard as a rigid bar to the introduction of additional facts. However, this interpretation of the plausibility standard is not consistent with that set forth by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), or Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), as these cases "do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." Hatmaker v. Memorial Medical Center, 619 F.3d 741, 743 (7th Cir. 2010).

Furthermore, Citizens interpretation of the plausibility standard seems to conflict with the Reynolds standard itself. In Reynolds, the court found that, although the plaintiff "could have

included more factual material in her complaint, she had done enough to nudge her claim…over the line to plausible" and had sufficiently put the defendant on notice of her claim against it. Reynolds, 623 F.3d at 1147. The plaintiff was free, on appeal, to present additional facts to support her claims against a motion to dismiss. Id.

Here, Balensiefen's complaint was sufficient to notify Citizens that a claim of retaliation was being brought against it pursuant to the IWA. Whether the complaint did so under Section 15 or Section 20 does not constitute a dispositive matter as "even citing the wrong statute need not be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction." Hatmaker, 619 F.3d at 743 (citing Ryan v. Illinois Dept. of Children and Family Serv., 185 F.3d 751, 764 (7th Cir. 1999)).

There does not here appear to be any reason to regard Plaintiff's failure to state her claims under Section 15(b) as a "fatal" error. Id. Rather, the Plaintiff is granted leave to amend her complaint to specifically include a Section 15(b) allegation.

II. PLAINTIFF'S INTERNAL COMPLAINTS UTILIZED TO STATE A CLAIM UNDER SECTION 20 OF THE IWA

Citizens objects to the Magistrate Judge's recommendation that Plaintiff's internal reports can form the basis of a claim pursuant to Section 20 of the IWA. Plaintiff asserts that "the only way…to cease participation in the systemic failure to provide Truth in Lending disclosures" was to make an internal report to one of the organization's vice presidents. Pl.'s 2nd Am. Compl. 15. Citizens maintains that these internal complaints cannot lead to actionable retaliation under the IWA.

Indeed, there are many cases in which internal complaints were found to be insufficient to state a claim under Section 15 of the IWA. See, e.g., Clark v. Moline Public Library, 09-4054, 2010 WL 331726 (C.D. Ill. Jan. 26, 2010) (dismissing plaintiff's IWA claim as plaintiff reported alleged misconduct only to her employer); See, e.g., Riedlinger v. Hudson Respiratory Care, Inc., 478 F.Supp.2d 1051, 1054 (N.D.Ill.2007) (holding that there is no cause of action where plaintiff reveals alleged misconduct only to plaintiff's employer). There is also caselaw indicating that internal complaints are insufficient to state a claim under Section 20. See Robinson v Alter Barge, 513 F.3d 668, 670 (7th Cir. 2008) (finding that plaintiff's internal complaints of the illegal drug use of his coworkers failed to provide a basis for actionable retaliation under Section 20 of the IWA).

However, unlike these cases, Balensiefen suggests that her professional role was intertwined with the violations such that her only avenue of "refusing to participate" would be to make complaints within the organization. Contrary to the situation in Robinson—where plaintiff's silence and continued work in the presence of illegal drug use by his coworkers was not an illegal activity—here Balensiefen's silence and continued cooperation with a system in violation of the Truth in Lending Act can be construed as an illegal course of conduct.

Therefore, the Court agrees with the Magistrate Judge that that it would be premature to dismiss Plaintiff's potential Section 20 claim. The possibility that Plaintiff's conduct, given her individual circumstances, could constitute her only avenue of "refusing to participate" is not implausible. Rather it deserves further development in discovery. Therefore, Citizens' Motion to Dismiss is denied in this respect.

III.     FEDERAL RULES 8(a) AND 10(b)

Citizens has objected to the Report's finding that Plaintiff's complaint adequately conforms to Rule 8(a) and Rule 10(b). Federal Rule of Civil Procedure 8(a) does not demand an exhaustive statement of a claim. Rather, a "short and plain statement showing that the pleader is entitled to relief" is all that is required. Fed. R. Civ. P. 8(a)(2).  While <u>Twombly</u> certainly altered federal pleading requirements, the Seventh Circuit has understood the case as holding "only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007). Certainly, Balensiefen's allegations are not so "sketchy" that Citizens can justifiably claim it was not on notice as to the nature of Balensiefen's allegations.

Additionally, Federal Rule of Civil Procedure 10(b) requires pleading in separate counts for "each claim founded on a separate transaction or occurrence" only where doing so would "promote clarity."  Fed. R. Civ. P. 10(b). As the Report notes, Plaintiff's allegations are rooted in many of the same transactions and occurrences. Given the inherent overlap in the factual background of Plaintiff's allegations, it is not inappropriate for Plaintiff to have structured the Complaint as it stands. The paragraph structure of the Complaint does not to interfere with the clarity of the overall document—particularly as Paragraph 48 of the Second Amended Complaint clearly identifies the general basis on which the Plaintiff hinges her allegations.

The Magistrate Judge was correct in recommending that the Complaint is "clear enough as it stands." Report 12.  The Plaintiff's complaint afforded the Defendant with sufficient notice to file an answer and to begin defending itself against Balensiefen's allegations. Therefore, at this stage, the Plaintiff has met what is required of her under the Federal Rules.

CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#13] of the Magistrate Judge in its entirety. Accordingly, Defendant's Motion to Dismiss [#10] is DENIED. The matter is REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 23rd day of June, 2011.

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge