IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHANIE BALENSIEFEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  10-CV-1263 |
| ) | |
| PRINCETON NATIONAL ) | |
| BANCORP, INC., ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendant Princeton National Bancorp, Inc.'s Motion to Compel Plaintiff's Responses to Written Discovery (d/e 31) to which no response has been made by *pro se* Plaintiff.  Also before the Court is Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2), or in Alternative, Pursuant to Rule 41(b) (d/e 35). For the reasons set forth below, the undersigned recommends this case be dismissed for want of prosecution and that Defendant's Motion (d/e 35) be allowed in part.

## History

Plaintiff's original Complaint (d/e 1), Amended Complaint (d/e 2), and Second Amended Complaint (d/e 9) were filed through counsel on August 19, 2010, October 4, 2010, and December 23, 2010, respectively. The case proceeded through denial of Defendant's Motion to Dismiss (d/e 10) and subsequent Answer (d/e 21). After an unsuccessful attempt to schedule the matter for mediation - no conference was ever held - a Scheduling Order (d/e 25) was entered on December 2, 2011 by the undersigned and dates put into place to move the case forward.

On March 6, 2012, Plaintiff's counsel filed a Motion to Withdraw (d/e 28) citing irreconcilable differences. That motion was allowed on March 8, 2012 and Plaintiff was advised via Text Order that if she did not retain replacement counsel, she would be considered *pro se*. To date, no replacement counsel has entered an appearance.

On May 7, 2012, Defendant filed the before mentioned Motion to Compel (d/e 31) alleging Plaintiff's failure to respond to interrogatories and requests for production of documents issued in December, 2011. Defendant listed numerous contacts with Plaintiff's counsel before his withdrawal and with *pro se* Plaintiff personally after withdrawal of counsel.

By Text Order dated May 9, 2012, the undersigned granted *pro se* Plaintiff an extension to June 1, 2012 to respond to the discovery requests and directed Defendant to file a status report by June 6, 2012 outlining Plaintiff's compliance or lack thereof.

On June 6, 2012, Defendant filed it's Status Report (d/e 34) stating that *pro se* Plaintiff had failed to comply and that attempts by Defendant's counsel to contact *pro se* Plaintiff elicited no response.  On June 7, 2012, the undersigned issued a Text Order directing *pro se* Plaintiff to file a written response to Defendant's Status Report by June 18, 2012.  Plaintiff was advised in that Text Order that failure to timely respond could cause a dismissal for want of prosecution.  Plaintiff did not respond and the Court *sua sponte* granted an additional final extension to July 5, 2012.  To date, Plaintiff has failed to respond or follow this Court's orders.

On July 6, 2012, Defendant filed its Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2), or in Alternative, Pursuant to Rule 41(b) (d/e 35).

Based upon the history of the litigation and *pro se* Plaintiff's failure to comply with Court orders, the Court recommends that this matter be dismissed with prejudice for want of prosecution and further that

Defendant's Motion for Sanctions (d/e 35) be allowed in part dismissing Plaintiff's complaint with prejudice.

Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct.  The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992).  Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal.   Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that if a party fails "to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:  . . . (v) dismissing the action or proceeding in whole or in part;".  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. Downs v. Westphal, 78 F.3d 1252, 1257

(7th Cir. 1996). The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v. Walworth County Park & Planning Com'n, 805 F.2d 272, 278 (7th Cir. 1986). This appears to be the standard used when cases are dismissed for want of prosecution or failure to comply with orders of the court, Fed. R. Civ. P. 41(b). A slightly different requirement–a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed. R. Civ. P. 37. In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court). That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); Schilling, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district

court consider and explain the inappropriateness of lesser sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)(requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of her case is an appropriate sanction under Rule 37's standards. *Pro se* Plaintiff has been made aware of her discovery obligations and has failed to respond to Defendant's requests or this Court's orders. Clearly, *pro se* Plaintiff has no interest in pursuing this case.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay that justifies a dismissal under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257. On the contrary, the United States Supreme Court has held: "we have

never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).  Accordingly, the Court recommends dismissal with prejudice of the above-captioned case.

## Conclusion

For the above reasons, the Court RECOMMENDS that this matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that she is not prosecuting this cause of action.  The Court further RECOMMENDS that Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2), or in Alternative, Pursuant to Rule 41(b) (d/e 35) be allowed in part dismissing *pro se* Plaintiff's complaint with prejudice.  The Court recommends Defendant not be allowed to petition for its fees herein as it appears Plaintiff is in the Bankruptcy Court.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within 14 days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal.  Video Views,

Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTERED July 10, 2012

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE